IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 3:13-cv-703

| | |
|---|---|
| FMW/MJH AT 2604 HILLSBOROUGH LLC, | |
| Plaintiff, | |
| v. | PRELIMINARY INJUNCTION |
| WSA CONSTRUCTION, LLC; AGUILAR CONSTRUCTION; ALEXANDER EXTERMINATING CO., INC.; ALL SEASONS CLEANING SERVICE, INC.; AMERICAN CONCRETE PUMPING, INC.; ASSOCIATED FIRE PROTECTION, INC.; BARKDALE CONSTRUCTION, INC.; BOYCO CORP. LLC; C.K. SUPPLY; CAPITAL SIGN SOLUTIONS, LLC; CAPITOL RECYCLING, LLC; CECIL HOLCOMB RENOVATIONS, INC.; ENGLER, MEIER & JUSTUS, INC. D/B/A CIRCLE SUPPLY OF RALEIGH; CUSTOM BRICK COMPANY, INC.; DREAMCRAFTERS CUSTOM CABINETRY, INC.; E T SALES, INC. D/B/A CAROLINA COUNTERS; EAGLE MAILBOX SALES, INC.; ELITE FLOORING & DESIGN, INC.; FATHER AND SON PAINTING CUSTOM PAINTING; FRANCO MASONRY CONCRETE, INC.; GERDAU AMERISTEEL US INC.; GREENWAY WASTE SOLUTIONS OF APEX, LLC; HARRIS VENTURES, INC. D/B/A STAFF ZONE; JRF MECHANICAL, INC.; M AND M CONSTRUCTION COMPANY, INC.; MARTIN'S BRICKLAYING; MAZZ WELDING & FABRICATION, INC.; M R ON TIME CONSTRUCTION, INC.; NATIONAL CONSTRUCTION RENTALS, INC.; NEWCOMB LAND SURVEYORS, PLLC; ORLANDO CABALLERO D/B/A OC DRYWALL & STUCCO; PAINTING & DRYWALL BY VILLANUEVA, INC.; | |

| PINNACLE FIRE SYSTEMS, INC.; PROBUILD COMPANY LLC; RALEIGH WATERPROOFING, INC.; R.L. BRADSHER CONTRACTING, INC.; SCHINDLER ELEVATOR CORPORATION; S.T. WOOTEN CORPORATION; SUNBELT RENTALS, INC.; SUPERIOR WATERPROOFING, INC.; TALBERT BUILDING SUPPLY, INC.; TRIANGLE CONSTRUCTION SERVICES, INC.; TRIANGLE NORTH EXTERIORS, INC.; WHITE CAP CONSTRUCTION SUPPLY, INC.; WILDER'S INC.; ZOCAM PLUMBING, INC., Defendants. | |
|---|---|

**THIS MATTER** came before the Court on Plaintiff FMW/MJH at 2604 Hillsborough LLC's ("FMW/MJH") motion for Preliminary Injunction, with supporting memorandum (the "Motion"). After reviewing the Motion, the memorandum, and the record in this case, the Court finds as follows:

1. FMW/MJH owns the land located at 2604 Hillsborough Street in Raleigh, North Carolina (the "Premises"). FMW/MJH filed a Complaint in Interpleader on December 23, 2013, seeking declaratory and injunctive relief relating to work performed on the construction of a student housing project with street level retail at the Premises (the "Project"), which FMW/MJH alleges was contracted for with Defendant WSA Construction, Inc. ("WSA"), the general contractor on the Project, and various construction lien claims asserted with respect to this Project. The Complaint names as defendants WSA and the lien claimants and potential lien claimants known to FMW/MJH.

2. On or about October 19, 2012, FMW/MJH and WSA entered into a construction contract (the "Contract") under which WSA was to furnish, as general construction contractor to

FMW/MJH, labor and materials necessary to construct the Project. FMW/MJH alleges that the total contract sum that FMW/MJH agreed to pay WSA, with approved change orders, equaled $1,832,556.55 (the "Contract Sum"). FMW/MJH further alleges that no payments to WSA were to be made that exceeded the Contract Sum.

3. FMW/MJH alleges that WSA independently engaged, directly and indirectly, multiple subcontractors and suppliers to perform work on the Project, including but not limited to, the defendants, other than WSA, named in this action (the "Subcontractors"). FMW/MJH believes that each Defendant, other than WSA, claims to have furnished WSA, directly or indirectly, with labor, materials or both used or to be used by WSA in the performance of its obligation to FMW/MJH under the Contract. FMW/MJH alleges it was not a party to any agreement between WSA and the Subcontractors.

4. FMW/MJH alleges that it has no obligation to pay for any work on the Project that exceeds the Contract Sum, and, furthermore, FMW/MJH has no obligation to disburse to WSA or the Contractors the remaining balance of the Contract Sum—$256,425.76—because WSA failed to satisfy the requirements under the Contract and because FMW/MJH had no contractual relationship with any of the Subcontractors for providing labor or materials to the Premises.

5. Since October 2013, FMW/MJH has received lien documents or other forms of notice from subcontractors claiming to have supplied labor and materials used or to be used for the improvement of the Premises and requesting payment from FMW/MJH and WSA of amounts allegedly due and unpaid. FMW/MJH alleges that purported creditors for the improvements to the Premises of which FMW/MJH is not at this point aware, may also file or serve liens in the future.

6. At least one subcontractor, Talbert Building Supply, Inc. ("Talbert") also has filed a lawsuit in the state courts of North Carolina to enforce its purported liens and to recover amounts allegedly due for labor, materials, or services furnished for the improvements to the Premises. As of the date FMW/MJH filed the Complaint, FMW/MJH was aware of the following such lawsuit (the "Lawsuit") to which it was a party: *Talbert Building Supply, Inc. v. WSA Construction, LLC and FMW/MJH at 2604 Hillsborough, LLC* Wake County Superior Court Case No. 13-CV-14477.

7. Although FMW/MJH disputes that it has any liability to the Subcontractors, FMW/MJH has custody of funds as to which FMW/MJH, WSA, and the Subcontractors are adverse claimants. FMW/MJH alleges that it is prepared to give a bond payable to the Clerk of Court in such amount and with such surety as the Court may deem proper.

8. The Complaint and the record before the Court show that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1335 and 2361.

9. FMW/MJH has moved this Court to enjoin all persons from prosecuting actions for labor, materials or services provided in connection with the Premises or the Project in any action in any court other than this interpleader action and this Court. This Court has the authority to order such an injunction pursuant to 28 U.S.C. § 2361.

10. Moreover, because the Premises has become the subject of liens and of at least one North Carolina State Court lien enforcement action, it is in the interest of FMW/MJH and the Subcontractors, considered as a group, to determine their rights to the funds in a single consolidated proceeding rather than in multiple proceedings pending in different courts, particularly multiple proceedings to which fewer than all Subcontractors are parties and that may

lead to outcomes that are inconsistent and that favor those Subcontractors to first adjudicate their claims.

**THEREFORE**, to carry out the intent of 28 U.S.C. § 1335, it is hereby **ORDERED** that:

A. All persons, including but not limited to subcontractors, suppliers and laborers, known or unknown, identified or unidentified, including, without limitation, Talbert, Zocam Plumbing, Inc., E T Sales, Inc. d/b/a Carolina Counters, BOYCO Corp. LLC, Father and Son Painting Custom Painting, Associated Fire Protection, Inc., Orlando Caballero d/b/a OC Drywall & Stucco, Painting & Drywall by Villanueva, Inc., Raleigh Waterproofing, Inc., All Seasons Cleaning Service, Inc., and the remaining Defendants named above and their respective officers, servants, agents, attorneys or other persons acting on their behalf or in concert with them are enjoined from prosecuting or in any way litigating in any forum other than in this Court in this action or instituting in any forum other than this Court any action, lawsuit, proceeding, or arbitration to enforce lien claims against the Premises or otherwise seek payment from FMW/MJH with respect to the Project.

B. This injunction shall apply, but shall not be limited, to the Lawsuit. Although this Order enjoins persons from prosecuting other litigation relating to the improvements to the Premises, this Order shall not prevent any defendant from asserting in this action any counterclaim against FMW/MJH or any cross claims.

C. FMW/MJH shall file in each of the Lawsuits a copy of the Preliminary Injunction, and upon filing thereof, FMW/MJH and WSA shall have no obligation to defend, or otherwise participate in, such Lawsuit until further order of this Court.

D. Pursuant to 28 U.S.C. § 2361, the United States Marshals located within the districts for each of the Defendants are hereby directed to serve process, including the Complaint

and Summons, and this Order, and such service shall be deemed good and sufficient service and adequate notice for all purposes.  To the extent a defendant is represented by counsel, counsel for that defendant may accept service of the Complaint, Summons, and this Order in lieu of service by United States Marshal.  Such acceptance of service shall be deemed good and sufficient service and adequate notice for all purposes.

Signed: January 13, 2014

Graham C. Mullen
United States District Judge