UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-CV-703-GCM

| | |
|---|---|
| FMW/MJH AT 2604 HILLSBOROUGH LLC, | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| vs. | ) <br> ) |
| WSA CONSTRUCTION, LLC; ZOCAM PLUMBING, INC., CREGGER COMPANY, INC., et. al. | )     ORDER <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**THIS MATTER** is before the Court upon Plaintiff's Motion to Dismiss Quantum Meruit Counterclaim of Cregger Company, Inc. ("Cregger") and Memorandum in Support (Doc. Nos. 132, 133), filed on April 28, 2014, Defendant's Response in Opposition (Doc. No. 138), filed on May 15, 2014, and Plaintiff's Reply (Doc. No. 140), filed on May 27, 2014. This matter is ripe for disposition.

For the reasons set forth below, Plaintiff's Motion to Dismiss is **DENIED**.

## I.     BACKGROUND

Plaintiff ("FMW/MJH") owns a student housing development located at 2604 Hillsborough Street in Raleigh, North Carolina ("the Premises"). (Compl. at 6). On October 19, 2012, FMW/MJH entered into a construction contract with general contractor WSA Construction, LLC ("WSA"), under which WSA agreed to furnish the labor and materials necessary to complete the development ("the Project). (*Id.*). The contract required that WSA turn over a substantially completed Project to FMW/MJH on or before June 28, 2013. (Compl. at 8).

1

WSA independently engaged multiple subcontractors and suppliers to provide labor and materials for the Project, including Zocam Plumbing, Inc. ("Zocam"). Zocam entered into a contract with Cregger under which Cregger agreed to supply Zocam with plumbing materials. (Doc. No. 133 at 3).

The Project was not substantially completed by June 28, 2013. In its Complaint, FMW/MJH alleges it has disbursed to WSA a total of $1,576,130.79 of the agreed upon contract sum of $1,832,556.55. (Compl. at 7). FMW/MJH alleges that as a result of liquidated damages, outstanding warranty claims, and FMW/MJH's costs incurred to remedy and complete the Project, FMW/MJH owes no additional portion of the contract sum to WSA. (*Id.*). In October, 2013, FMW/MJH began receiving lien documents and other forms of notice from subcontractors requesting payment from FMW/MJH of amounts allegedly unpaid by WSA. (*Id.* at 8–9). The subcontractors have asserted competing claims to the remaining balance of the contract sum, and the total amount of these claims substantially exceeds the remaining balance. (*Id.* at 9).

WSA has no intention or capability of performing any further obligations to FMW/MJH under the contract. (*Id.* at 9). On December 23, 2013, FMW/MJH filed a Complaint in Interpleader (Doc. No. 1) pursuant to 28 U.S.C. § 1335, in order to resolve the multiple competing claims against FMW/MJH, its funds, and the Premises in a single proceeding. (Doc. No. 133 at 4). FMW/MJH named as defendants all known subcontractors engaged by WSA on the Project. (*Id.*). In this action, FMW/MJH has sought, among other relief, a declaration that the lien claims filed by the subcontractors against FMW/MJH are improper and that FMW/MJH is not required to pay the subcontractors for services at the Premises.

Cregger, like other subcontractors, alleges it has completed its contractual obligations but has not been paid in full for its work. (*Id.*). Cregger has filed counterclaims against FMW/MJH

and crossclaims against WSA for *quantum meruit*/unjust enrichment, and lien claims against the Premises and funds. (Doc. No. 109). Cregger has also filed crossclaims against Zocam for breach of contract, *quantum meruit*/unjust enrichment, lien claims on funds, and attorney fees. (*Id.*). FMW/MJH filed the present 12(b)(6) motion to dismiss Cregger's *quantum meruit*/unjust enrichment counterclaim. (Doc. No. 109).

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). A complaint, therefore, must allege each necessary element of the claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007).

When faced with a Rule 12(b)(6) motion to dismiss, courts are instructed to "accept as true all well-pleaded allegations and . . . view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). After "assum[ing] the veracity" of these factual allegations, the court is to "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*, 556 U.S. at 678. Thus, a "complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000).

## III. DISCUSSION

"*Quantum meruit* serves as an equitable remedy to prevent unjust enrichment when there is no express contract." *Neighbors Law Firm, P.C. v. Highland Capital Mgmt., L.P.*, 5:09-CV-

352-F, 2010 WL 3767126, at *4 (E.D.N.C. Sept. 24, 2010) (citing *Whitfield v. Gilchrist*, 348 N.C. 39, 42 (1998)). When there is an actual agreement between the parties, *quantum meruit* is not an appropriate remedy "because 'an express contract precludes an implied contract with reference to the same matter,'" *Ron Medlin Constr. v. Harris*, 364 N.C. 577, 580 (2010). However, plaintiffs may seek alternative forms of relief. Fed.R.Civ.P. 8(d); *Eastway Wrecker Serv., Inc. v. City of Charlotte*, 599 S.E.2d 410, 412 (N.C. Ct. App. 2004). Accordingly, "a party may plead breach of contract and unjust enrichment in the alternative." *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07–CV–275–D, 2011 WL 1134453, at *16 (E.D.N.C. Jan. 25, 2011) (citing *Performance Sales & Mktg., LLC v. Lowe's Cos., Inc.*, No. 5:07–CV–140, 2010 WL 2294323, at *5 (W.D.N.C. June 4, 2010).

Although a *quantum meruit* claim can only prevail "in the absence of an enforceable, express contract," *TSC Research, LLC v. Bayer Chemicals Corp.*, 552 F. Supp. 2d 534, 540 (M.D.N.C. 2008), dismissal is improper when the existence of such a contract has not been proven by evidence before the court, *see Eastway Wrecker*, 599 S.E.2d at 412 ("[I]t was error for the trial court to dismiss plaintiff's alternative claim for recovery in *quantum meruit* on the ground that it was precluded by an [alleged] express contract between the parties"); *Performance Sales*, 2010 WL 2294323, at *5 (W.D.N.C. June 4, 2010) (denying motion to dismiss *quantum meruit* claim because the existence of an express contract had not yet been established by evidence before the court).

FMW/MJH contends that because the parties have alleged an express contract between Cregger and Zocam regarding work Cregger performed for Zocam (*see* Cregger Answer at 12) and an express contract between Zocam and WSA regarding work Zocam performed on the Premises (*see* WSA Answer to Zocam at 3), Cregger's *quantum meruit* counterclaim should be

dismissed. (Pl. Mem. at 10–11). Cregger argues that the existence of an express contract has not yet been conclusively established, therefore it should be allowed to plead *quantum meruit* as an alternative theory of recovery. (Def. Mem. at 4). While it is true that an express contract precludes recovery in *quantum meruit*, the existence of a valid contract has not been proven by evidence before the Court at this stage in the proceedings. Therefore, Cregger may plead *quantum meruit* until the existence of an express contract has been definitively established at a later stage of this litigation.

### IV.     CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss Defendant Cregger's *quantum meruit* counterclaim is **DENIED** at this time.

Signed: July 30, 2014

Graham C. Mullen
United States District Judge