**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-CV-703-GCM**

| | |
|---|---|
| FMW/MJH AT 2604 HILLSBOROUGH LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| WSA CONSTRUCTION, LLC; AGUILAR CONSTRUCTION; ALEXANDER EXTERMINATING CO., INC.; ALL SEASONS CLEANING SERVICE, INC.; AMERICAN CONCRETE PUMPING, INC.; ASSOCIATED FIRE PROTECTION, INC.; BARKDALE CONSTRUCTION, INC.; BOYCO CORP. LLC; C.K. SUPPLY; CAPITAL SIGN SOLUTIONS, LLC; CAPITOL RECYCLING, LLC; CECIL HOLCOMB RENOVATIONS, INC.; ENGLER, MEIER & JUSTUS, INC. D/B/A CIRCLE SUPPLY OF RALEIGH; CUSTOM BRICK COMPANY, INC.; DREAMCRAFTERS CUSTOM CABINETRY, INC.; E T SALES, INC. D/B/A CAROLINA COUNTERS; EAGLE MAILBOX SALES, INC.; ELITE FLOORING & DESIGN, INC.; FATHER AND SON PAINTING CUSTOM PAINTING; FRANCO MASONRY CONCRETE, INC.; GERDAU AMERISTEEL US INC.; GREENWAY WASTE SOLUTIONS OF APEX, LLC; HARRIS VENTURES, INC. D/B/A STAFF ZONE; JRF MECHANICAL, INC.; M AND M CONSTRUCTION COMPANY, INC.; MARTIN'S BRICKLAYING; MAZZ WELDING & FABRICATION, INC.; M R ON TIME CONSTRUCTION, INC.; NATIONAL CONSTRUCTION RENTALS, INC.; NEWCOMB LAND SURVEYORS, PLLC; ORLANDO CABALLERO D/B/A OC DRYWALL & STUCCO; PAINTING & DRYWALL BY VILLANUEVA, INC.; PINNACLE FIRE SYSTEMS, INC.; PROBUILD COMPANY LLC; RALEIGH WATERPROOFING, INC.; R.L. BRADSHER CONTRACTING, INC.; SCHINDLER ELEVATOR CORPORATION; S.T. WOOTEN CORPORATION; SUNBELT RENTALS, INC.; SUPERIOR WATERPROOFING, INC.; TALBERT BUILDING SUPPLY, INC.; TRIANGLE CONSTRUCTION SERVICES, INC.; TRIANGLE NORTH EXTERIORS, INC.; WHITE CAP CONSTRUCTION SUPPLY, INC.; WILDER'S INC.; ZOCAM PLUMBING, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **AMENDED ORDER** |

)

**THIS MATTER** is before the Court upon Plaintiff's Renewed[1] Motion to Dismiss Quantum Meruit/ Unjust Enrichment Counterclaims of Defendants Pinnacle Fire Systems, Inc., JRF Mechanical, Inc., Sunbelt Rentals, Inc., Raleigh Waterpoofing, Inc., Talbert Building Supply, Inc., and Orlando Caballero D/B/A OC Drywall & Stucco ("Counterclaiming Subcontractors"). All Counterclaiming Subcontractors have filed responses in opposition to Plaintiff's motion.[2] Plaintiff has replied and this matter is now ripe for disposition.

For the reasons set forth below, Plaintiff's Motion to Dismiss is **DENIED**.

## I. BACKGROUND

Plaintiff ("FMW/MJH") owns a student housing development located at 2604 Hillsborough Street in Raleigh, North Carolina ("the Premises"). (Compl. at 6). On October 19, 2012, FMW/MJH entered into a construction contract with general contractor WSA Construction, LLC ("WSA"), under which WSA agreed to furnish the labor and materials necessary to complete the development ("the Project). (*Id.*). The contract required that WSA turn over a substantially completed Project to FMW/MJH on or before June 28, 2013. (Compl. at 8). WSA independently engaged multiple subcontractors and suppliers to provide labor and materials for the Project, including the Counterclaiming Subcontractors. WSA entered into

---

[1] Plaintiff had previously moved to dismiss the quantum meruit counterclaims of the listed Counterclaiming Subcontractors, but subsequently filed a First Amended Complaint adding an additional party. (Doc. No. 89). Several of the existing Defendants then filed additional Answers to the First Amended Complaint restating their counterclaims. To avoid confusion, Plaintiff renewed its previously filed Motion to Dismiss against the listed Counterclaiming Subcontractors. Defendants E T Sales, Inc. d/b/a Carolina Counters and Elite Flooring & Design, Inc. have voluntarily removed their counterclaims for quantum meruit against the Plaintiff in their answers to the First Amended Complaint and therefore Plaintiff's motions as to those two Defendants are now moot.

[2] This Order amends the Court's previous Order (Doc. No. 143), to correct a statement that JFR Mechanical, Inc. had failed to file a response in opposition to Plaintiff's motion. JFR Mechanical, Inc. did, in fact, oppose this motion. (Doc. No. 135).

3

contracts with the Counterclaiming Subcontractors under which the Counterclaiming Subcontractors agreed to provide labor, materials, equipment, or transportation necessary for WSA to complete the Project.

The Project was not substantially completed by June 28, 2013. In its Complaint, FMW/MJH alleges it has disbursed to WSA a total of $1,576,130.79 of the agreed upon contract sum of $1,832,556.55. (Compl. at 7). FMW/MJH alleges that as a result of liquidated damages, outstanding warranty claims, and FMW/MJH's costs incurred to remedy and complete the Project, FMW/MJH owes no additional portion of the contract sum to WSA. (*Id.*). In October, 2013, FMW/MJH began receiving lien documents and other forms of notice from subcontractors requesting payment from FMW/MJH of amounts allegedly unpaid by WSA. (*Id.* at 8–9). The subcontractors have asserted competing claims to the remaining balance of the contract sum, and the total amount of these claims substantially exceeds the remaining balance. (*Id*. at 9).

WSA has no intention or capability of performing any further obligations to FMW/MJH under the contract. (*Id.* at 9). On December 23, 2013, FMW/MJH filed a Complaint in Interpleader (Doc. No. 1) pursuant to 28 U.S.C. § 1335, in order to resolve the multiple competing claims against FMW/MJH, its funds, and the Premises in a single proceeding. (Doc. No. 133 at 4). FMW/MJH named as defendants all known subcontractors engaged by WSA on the Project. (*Id.*). In this action, FMW/MJH has sought, among other relief, a declaration that the lien claims filed by the subcontractors against FMW/MJH are improper and that FMW/MJH is not required to pay the subcontractors for services at the Premises.

The Counterclaiming Subcontractors allege they have completed their contractual obligations but have not been paid in full for their work. The Counterclaiming Subcontractors have filed counterclaims against FMW/MJH for, inter alia, *quantum meruit*/unjust enrichment

4

and lien claims against the Premises and funds. FMW/MJH filed the present 12(b)(6) motion to dismiss the *quantum meruit*/unjust enrichment counterclaims. (Doc. No. 121).

## II. STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A complaint, therefore, must allege each necessary element of the claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 562 (2007). When faced with a Rule 12(b)(6) motion to dismiss, courts are instructed to "accept as true all well-pleaded allegations and . . . view the complaint in a light most favorable to the plaintiff." *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). After "assum[ing] the veracity" of these factual allegations, the court is to "determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*, 556 U.S. at 678. Thus, a "complaint may proceed even if it strikes a savvy judge that actual proof of [the facts alleged] is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. LLP*, 213 F.3d 175, 180 (4th Cir. 2000).

## III. DISCUSSION

"*Quantum meruit* serves as an equitable remedy to prevent unjust enrichment when there is no express contract." *Neighbors Law Firm, P.C. v. Highland Capital Mgmt., L.P.*, 5:09-CV-352-F, 2010 WL 3767126, at *4 (E.D.N.C. Sept. 24, 2010) (citing *Whitfield v. Gilchrist*, 348 N.C. 39, 42 (1998)). When there is an actual agreement between the parties, *quantum meruit* is not an appropriate remedy "because 'an express contract precludes an implied contract with reference to the same matter,'" *Ron Medlin Constr. v. Harris*, 364 N.C. 577, 580 (2010).

However, plaintiffs may seek alternative forms of relief. Fed.R.Civ.P. 8(d); *Eastway Wrecker Serv., Inc. v. City of Charlotte*, 599 S.E.2d 410, 412 (N.C. Ct. App. 2004). Accordingly, "a party may plead breach of contract and unjust enrichment in the alternative." *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07–CV–275–D, 2011 WL 1134453, at *16 (E.D.N.C. Jan. 25, 2011) (citing *Performance Sales & Mktg., LLC v. Lowe's Cos., Inc.*, No. 5:07–CV–140, 2010 WL 2294323, at *5 (W.D.N.C. June 4, 2010).

Although a *quantum meruit* claim can only prevail "in the absence of an enforceable, express contract," *TSC Research, LLC v. Bayer Chemicals Corp.*, 552 F. Supp. 2d 534, 540 (M.D.N.C. 2008), dismissal is improper when the existence of such a contract has not been proven by evidence before the court, *see Eastway Wrecker*, 599 S.E.2d at 412 ("[I]t was error for the trial court to dismiss plaintiff's alternative claim for recovery in *quantum meruit* on the ground that it was precluded by an [alleged] express contract between the parties"); *Performance Sales*, 2010 WL 2294323, at *5 (W.D.N.C. June 4, 2010) (denying motion to dismiss *quantum meruit* claim because the existence of an express contract had not yet been established by evidence before the court).

FMW/MJH contends that because contracts exist between the Counterclaiming Subcontractors and WSA regarding the work the Counterclaiming Subcontractors performed on the Project, the *quantum meruit* counterclaims should be dismissed. (Doc. No. 66 at 12). While it is true that an express contract precludes recovery in *quantum meruit*, the existence of valid contracts has not been proven by evidence before the Court at this stage in the proceedings. Therefore, the Counterclaiming Subcontractors may plead *quantum meruit* until the existence of express contracts has been conclusively established at a later stage of this litigation.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Dismiss the *quantum meruit* counterclaims of Pinnacle Fire Systems, Inc., JRF Mechanical, Inc., Sunbelt Rentals, Inc., Raleigh Waterpoofing, Inc., Talbert Building Supply, Inc., and Orlando Caballero D/B/A OC Drywall & Stucco (Doc. Nos. 24, 65 & 121) is **DENIED** at this time.

Signed: November 19, 2014

Graham C. Mullen
United States District Judge