IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
Civil Action No. 3:13-cv-703-GCM

| | |
|---|---|
| **FMW/MJH AT 2604 HILLSBOROUGH LLC,**<br><br>    **Plaintiff,**<br><br> v.<br><br>**WSA CONSTRUCTION, LLC; ALL SEASONS CLEANING SERVICE, INC.; AMERICAN CONCRETE PUMPING, INC.; ASSOCIATED FIRE PROTECTION, INC.; BOYCO CORP. LLC; CAPITOL RECYCLING, LLC; ENGLER, MEIER & JUSTUS, INC. D/B/A CIRCLE SUPPLY OF RALEIGH; CREGGER COMPANY, INC.; E T SALES, INC. D/B/A CAROLINA COUNTERS; EAGLE MAILBOX SALES, INC.; ELITE FLOORING & DESIGN, INC.; FATHER AND SON PAINTING CUSTOM PAINTING; FRANCO MASONRY CONCRETE, INC.; GERDAU AMERISTEEL US INC.; JRF MECHANICAL, INC.; MAZZ WELDING & FABRICATION, INC.; ORLANDO CABALLERO D/B/A OC DRYWALL & STUCCO; PINNACLE FIRE SYSTEMS, INC.; RALEIGH WATERPROOFING, INC.; SCHINDLER ELEVATOR CORPORATION; SUNBELT RENTALS, INC.; SUPERIOR WATERPROOFING, INC.; TALBERT BUILDING SUPPLY, INC.; TRIANGLE NORTH EXTERIORS, INC.; AND ZOCAM PLUMBING, INC.,**<br><br>    **Defendants.** | **ORDER** |

   **THIS MATTER** is before the Court on the First Motion for Partial Summary Judgment (the Motion) of Plaintiff FMW/MJH at 2604 Hillsborough LLC (FMW). One defendant, Elite Flooring & Design, Inc., filed a timely opposition to the Motion, but subsequently withdrew its

opposition prior to the deadline for any FMW reply in support of its Motion. All deadlines for the filing of any opposition to the Motion have now expired. No party sought oral argument on the Motion, and the Court declines to order oral argument on its own initiative.

The Court has carefully considered the Motion, its supporting Memorandum and the Second Declaration of James M. Zanoni (Zanoni Declaration) filed by FMW in support of its Motion. Having done so, the Court resolves the Motion as follows:

1. FMW entered into a written construction contract (Contract) with defendant WSA Construction, LLC (WSA). The contract required WSA to construct an apartment project at 2604 Hillsborough Street in Raleigh, North Carolina (the Project) on land FMW owned in Raleigh, North Carolina. All remaining defendants other than WSA are alleged by FMW to have asserted claims to have provided labor or materials used by WSA in its improvement of the Project, but for which WSA or a subcontractor to it on the Project has failed to pay. Most of these claims are alleged to have been presented to FMW in the form of liens under Chapter 44A of the North Carolina General Statutes against the Project, against funds allegedly due from FMW to WSA, or both.

2. FMW filed its initial Complaint in this matter on December 23, 2013. FMW sought: (a) a determination of what amount, if any, it owed WSA; and (b) a resolution of the claims of the various defendants, including WSA and including claims expressed through liens, as to any amount determined to be due from FMW to WSA.

3. On August 13, 2014, the Court granted a motion to withdraw made by WSA's then-counsel of record. On or about December 16, 2014, several defendants filed an involuntary petition placing WSA into Chapter 7 bankruptcy in this District (Case No. 14-32079). The bankruptcy filing had the effect of staying this action until June 10, 2015, when the Bankruptcy

Court entered an order granting FMW relief from stay "to obtain through the Lien Lawsuit a determination of the monetary obligations between it and Debtor and, if such determination so requires, relief from liens asserted against FMW or the Project by Debtor and alleged subcontractors or suppliers to Debtor on the Project." The order also recommended that the bankruptcy reference be withdrawn regarding the issues FMW raises in this action.

4. On July 2, 2015, an Order dismissing the bankruptcy was entered upon a Motion to Dismiss by the Trustee. The final decree closing the bankruptcy case was entered on July 21, 2015.

5. The lien claims of defendants against FMW exist, if at all, under the construction lien provisions of North Carolina General Statutes Chapter 44A. The principles governing FMW's liability to defendants under Chapter 44A are generally as follows:

(a) Chapter 44A allows Project subcontractors to assert two different types of lien. The first is a lien on funds that FMW owes WSA. N.C.G.S. § 44A-18. To preserve this "funds lien," a subcontractor must serve a Notice of Claim of Lien, substantially in the form prescribed in Chapter 44A, on FMW, WSA and, in the case of a sub-subcontractor (*i.e.* a subcontractor to a subcontractor), to any subcontractors in the "chain of contract" between it and WSA. N.C.G.S. § 44A-19. The second lien is a lien on the Project real estate. To preserve this lien, a subcontractor must timely file with (in this case) the Wake County (N.C.) Clerk of Superior Court a Claim of Lien substantially in the statutory form, and must then sue to enforce these lien rights. N.C.G.S. §§ 44A-12 – 13 & 23

(b) Because Chapter 44A lien rights arise by subrogation to the payment rights of the contractor in privity with the project owner, each defendant subcontractor's lien rights, under each type of lien, are limited to the amount FMW owed to WSA. In other words,

3

FMW would never ordinarily become liable to a liening subcontractor, or a group of liening subcontractors, for more than it would have been obligated to pay WSA had no liens been asserted. *Vulcan Materials Company v. Fowler Contracting Corp.*, 111 N.C. App. 919, 433 S.E.2d 462 (1993).

6. The Zanoni Declaration and its exhibits are the only evidentiary material offered by any party in respect of the Motion. The Zanoni Declaration establishes, considering the absence of any inconsistent or contradictory evidence, the following facts as not genuinely at issue: (a) WSA breached the Contract by its failure timely to complete the Project, to honor its warranty obligations under the Contract, to pay its subcontractors and suppliers, or to satisfy liens filed and served by its subcontractors and suppliers; (b) FMW paid more to complete and to correct work that WSA either failed to perform at all, or performed incorrectly, than it would have owed WSA for the same work had WSA fully performed; and (c) WSA is in addition subject to $75,500 in liquidated damages due to its failure to meet Contract deadlines[1].

7. As such, the Court concludes that no genuine issue of material fact exists regarding the monetary liability of FMW to WSA, and that no such liability exists. Because the liability of FMW to defendants, taken individually and as a group, cannot under Chapter 44A exceed its liability to WSA, the Court further concludes that no defendant has enforceable lien rights against FMW or the Project.

8. In summary, the Court concludes that based on the competent evidence before it, no genuine issue of material fact exists supporting enforceable Chapter 44A lien rights of any defendant as against FMW or the Project.

---

[1] The Zanoni Declaration also addresses attorneys' fees FMW claims to have incurred as a result of WSA's breaches of the Contract. The Court has not taken these fees into account in its determination that FMW has no monetary obligation to WSA.

**IT IS ACCORDINGLY ORDERED, ADJUDGED AND DECREED** as follow:

1. All Claims of Lien, Notices of Claims of Lien and other filings or notices purporting to assert a lien or liens under Chapter 44A of the North Carolina General Statutes on: (a) all or any portion of the project and property at 2604 Hillsborough Street, Raleigh, Wake County, North Carolina (also referred to as "LO24 2604 Hillsborough Street BM2012-00991, parcel number 0794.20-72-8039-000); or (b) on any funds allegedly due or to become due from FMW to WSA in respect of such project and/or property are cancelled and discharged by operation of this Order.

2. The Clerk of Superior Court of Wake County, North Carolina (Clerk) shall upon presentation to it of this Order immediately act to reflect as cancelled of record any and all such liens; any other governmental authority or agency whose action is necessary to effect the cancellation of such liens shall be under the same obligation upon presentation of this Order;

3. All defendants that have recorded liens with the Wake County Clerk of Superior Court regarding the Project shall cooperate with such Clerk to discharge of record all such liens. In addition, if demanded of FMW by a lender, title insurer or other third party to this action, any defendant that has recorded, served or asserted any lien or purported lien regarding the Project shall, upon demand by FMW or its counsel, furnish to FMW or such third party a brief written statement confirming that its lien or liens have been discharged.

Signed: December 14, 2015

Graham C. Mullen
United States District Judge